# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO F. BENITEZ et al, | CASE NO. CV F 08-1122 LJO GSA |
| Plaintiffs, | **ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| vs. | |
| JEFF WILBUR, et al, | Fairness Hearing: Dec. 14, 2009 |
| Defendants. | 8:30 a.m. Dept. 4 |

Pursuant to plaintiffs' Notice Of Motion filed on September 1, 2009, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Settlement Agreement, the Notice to Class Members "Election of Participate," the Individual Class Member Claim and Consent Form, and Election not to Participate Form (Doc. 37, Exh. 1-4). Defendants filed a notice of non-opposition to the motion on September 9, 2009. The Court finds the motion is suitable for decision without oral argument pursuant to Local Rule 78-230(h). The hearing set for September 21, 2009 is VACATED. Having considered the Motion and supporting papers, the Settlement Agreement and the Exhibits attached thereto, the Court issues the following Order:

1.  The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq.; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction

over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

2. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The Court hereby preliminarily approves the Settlement Agreement. (Doc. 37 and Exhibits attached.) The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b). The Court further preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Settlement Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this action. Additionally, it appears that the proposed Stipulation was reached as a result of intensive, non-collusive, arms-length negotiations.

4. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Doc. 37, Settlement Agreement, Exh. 2), and proposed forms of Claim Form and Election Not to Participate in Settlement (id., Exhs. 3 and 4)) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

/////

5. The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are of have been employed by Defendants in the State of California as non-exempt employees from August 1, 2004 until September 21, 2009.

6. Any Class Member who submits a timely and valid Claim Form within thirty days after the date the Settlement Administrator mails the Class Notice Packet will receive a Settlement Share.

7. Any Class Member who wishes to comment on or object to the Settlement or who elects not to participate in the Settlement has until thirty days after the mailing of the Class Notice Packet to submit his or her comment, objection, or Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

8. Rust Consulting, Inc., is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Plaintiffs Leobardo F. Benitez, Paulino Rodriguez, Jose Herrera, Elmer Huere Rupay, and Arturo Gil Alcaraz, are appointed Class Representatives. Stan S. Mallison, Hector R. Martinez, Marco A. Palau, and the Law Offices of Mallison & Martinez are appointed Class Counsel.

10. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

11. Defendants are directed to provide the Class Data to the Settlement Administrator not later than fourteen days after the date of this order as specified by the Settlement Agreement.

12. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members not later than ten days after receipt of the Class Data from Defendants.

13. A final hearing will be held on December 14, 2009 at 8:30 a.m., in Department 4 to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses

1  Payment. Class Members and their counsel may support or oppose the Settlement and the motion for
2  awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel
3  Litigation Expenses Payment, if they so desire, as set forth in the Class Notice.

4  14.    Any Class Member may appear at the final approval hearing in person or by his or her
5  own attorney, and show cause why the Court should not approve the Settlement, or object to the motion
6  for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel
7  Litigation Expenses Payment. For any comments or objections to be considered at the hearing, the Class
8  Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's
9  comments, support or objection. Such comments must be filed with the Court, and mailed to Class
10 Counsel, not later than thirty days after mailing of the Class Notice Packet.

11 15.    The Court reserves the right to continue the date of the final approval hearing without
12 further notice to Class Members. The Court retains jurisdiction to consider all further applications
13 arising out of or in connection with the Settlement.

14 IT IS SO ORDERED.

15 **Dated:   September 10, 2009**              **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE